UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNYS ACEVEDO, </br></br>　　　　　　　　Plaintiff, </br></br>　　　v. </br></br> KHONDKAR RAKIB, </br></br>　　　　　　　　Defendant. | **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** </br></br> Case No. 7:23-cv-7175 (CS) (AK) |

　　　　WHEREAS Plaintiff Dennys Acevedo ("Plaintiff") and Defendant Khondkar Rakib ("Defendant"), together the "Parties" and each a "Party", having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rules,

　　　　IT IS HEREBY STIPULATED, AGREED, and ORDERED that the following restrictions and procedures shall apply to the information, testimony, and documents produced by the Parties, and as appropriate, non-parties, in this action:

　　　　1.　　As used herein, the term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court.

　　　　2.　　As used herein, the term Personally Identifying Information ("PII") includes any representation of information that permits the identity of an individual to whom the information

applies to be reasonably inferred by either direct or indirect means (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft). PII exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

    3.    Any Party or non-party who produces Discovery Material (*i.e.*, information of any kind produced or disclosed in the course of discovery in this Action) ("Producing Party") may designate such materials as "Confidential Discovery Material" consistent with the terms of this Order (the "Order").

    4.    With respect to Discovery Material that has been designated as Confidential Discovery Material pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder. As used herein, the term Confidential Material shall mean apply to the following Discovery Material:

    a.    documents produced from the records of the New York State Department of Corrections and Community Supervision ("DOCCS") and the information contained therein, the disclosure of which Defendant or DOCCS reasonably believe would jeopardize correctional or institutional safety, security or good order, or which contain information that is confidential under state or federal law.;

    5.    Parties may designate documents and witness testimony as Confidential Material.

    6.    Defendant may further designate as "Attorney's Eyes Only" any Confidential Material in the following categories:

    a.    Reports and other records prepared by the DOCCS Office of Special Investigations, or its predecessor entity the DOCCS Office of the Inspector General, in connection with an investigation conducted by that entity;

    b.    Health care (including, but not limited to, drug or substance abuse records), mental health care, and labor relations records that contain PII concerning

any employee of DOCCS, any incarcerated individual in the custody of DOCCS, or any person subject to community supervision by DOCCS, provided that, for mental health records, the review and determination required by New York Mental Health Law § 33.16 has been completed before any records approved for release are produced, and provided that, for any records that constitute law enforcement disciplinary records as defined in NYS Public Officers Law ("POL") § 86, such records shall be redacted consistent with obligations under POL §§ 89 and 96;

      c.    Personnel records or other documents pertaining to the individual's employment, including, but not limited to, records of disciplinary proceedings, performance evaluations, and counseling, which would not otherwise be subject to a public right of access under the Freedom of Information Law ("FOIL"), Article 6 (Sections 84-90). Further, provided that, for any records that constitute law enforcement disciplinary records as defined in POL § 86, such records shall be redacted consistent with obligations under POL §§ 89 and 96;

      d.    Directives or written policies issued by DOCCS or any correctional facility operated by DOCCS that are not publicly available and are classified as "D" within the meaning of DOCCS Directive 0001, indicating that they contain information affecting the safety and security of correctional facilities and are handled as confidential material and restricted from unauthorized access;

      e.    DOCCS training materials that are not publicly available and refer to or concern correctional, community supervision or institutional safety, security, or good order;

      f.    Any other records, photographs, videos, maps, diagrams or materials that Defendant believes would compromise the safety or security of a DOCCS facility or office if disclosed to an incarcerated individual in the custody of DOCCS and/or the general public;

7.    Notwithstanding the foregoing, any Party may request in writing that a specific document or category of documents designated as "Attorney's Eyes Only" be re-designated or subject to less restrictive treatment under this Order. The Parties agree to confer in good faith regarding any such request. If the Parties are unable to reach agreement, the requesting Party may seek appropriate relief from the Court.

With respect to the Confidential portion of any Confidential Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as Confidential by stamping or otherwise clearly marking as "Confidential" or "Attorney's Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility and in accordance with any specifications subsequently agreed to by the Parties.

8.      Transcripts of depositions taken in this Action, together with any exhibits, will be treated as Confidential Material and Attorney's Eyes Only in their entirety for thirty (30) days after being notified that a full and final copy of the deposition transcript is available.  During that thirty (30) day period, either party may designate as Confidential Material and/or Attorney's Eyes Only, consistent with the meaning of what is described in Paragraphs 4 or 6 herein, specific portions of the transcript, by page and line, together with any deposition exhibits which contain Confidential Material or Attorney's Eyes Only material referred to therein.  Such designations must be provided to the Parties' counsel in writing to be deemed effective.  Any portion of the deposition transcript or exhibits not so designated during the thirty (30) day period will not be treated as Confidential Material or Attorney's Eyes Only material.  Nothing contained herein shall remove a previous Confidential Material or Attorney's Eyes Only designation from any exhibit mentioned, referenced, marked, identified or otherwise utilized during the deposition.

9.      The Parties shall have a reasonable time to inspect and apply the appropriate confidentiality designation to any documents or information received from a non-party.

10.     Any Producing Party who seeks different limits on disclosure (such as "Highly Confidential"), may at any time before the trial of this Action serve upon counsel for the receiving

Party a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel will address their dispute to this Court in accordance with this Court's Individual Practices.

11. Notwithstanding the treatment as Confidential Material or Attorney's Eyes Only material, with respect to personnel, health care or mental health care records that contain PII concerning any employee of DOCCS or any incarcerated individual in the custody of DOCCS, it is understood that the names, residence addresses, employee insurance information, Social Security numbers, NYSID and FBI numbers and/or Department Identification Numbers ("DIN") of any employee, incarcerated individual, or other person who has not provided Defendant with a duly executed authorization permitting disclosure of such information shall be redacted from the documents produced by Defendant or non-parties.

12. An inadvertent failure to designate documents as Confidential Material or Attorney's Eyes Only material may be corrected by supplemental written notice given as soon as practicable.

13. To the extent Plaintiff's counsel obtained copies of documents described in Paragraphs 4 or 6 herein prior to the commencement of this Action and may have disclosed them or their contents to others, it shall not be deemed a violation of this Stipulation and Protective Order, but such documents and information shall be treated hereafter as Confidential Material or Attorney's Eyes Only according to the appropriate confidentiality designation.

14. Any Party who challenges a Producing Party's designation of Confidential Material and/or Attorney's Eyes Only, material, shall, within 60 days, serve upon counsel for the Producing

Party a written notice stating with particularity the grounds of the objection and the Parties shall make a good faith effort to resolve the objection without court involvement.  In the absence of a resolution, the challenging Party may seek resolution by the Court.  If an application to the Court is made, the Court's procedures for resolving discovery disputes shall be followed.  Material designated as Confidential Material and/or Attorney's Eyes Only shall be treated as such until either the Parties agree or the Court rules otherwise.  Nothing in this Protective Order constitutes an admission by any Party or non-party that material designated as Confidential or Attorney's Eyes Only material disclosed in this Action is relevant or admissible.  Each Party reserves the right to object to the use or admissibility of any material designated as Confidential Material or Attorney's Eyes Only.

15. Confidential Material or Attorney's Eyes Only material produced pursuant to the terms of this Stipulation and Protective Order shall be utilized by the receiving Party and their counsel solely for the purposes of this Action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

16. Confidential Material and Attorney's Eyes Only  material shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by a Court.

17. As for Confidential Material only, counsel for Plaintiff may allow Plaintiff to view and inspect Confidential Material as necessary to prosecute this action.  However, Plaintiff shall not retain copies of Confidential Material.

18. The Parties shall not disclose Confidential material to any person not a party or a member of the staff of the parties' attorneys' offices, except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation of each Party's case in this action, or trial of this action, or any appeal thereof.

    b. Disclosure before trial may be made only to:

        i. the Parties to this Action, including their agents and employees who are assisting or have reason to know of this action;

        ii. counsel retained specifically for this Action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

        iii. outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

        iv. any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed the Certification annexed hereto;

        v. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

        vi. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this Action, provided such person has first executed the Certification annexed hereto;

        vii. any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this Action, provided such person has first executed the Certification annexed hereto;

        viii. an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

        ix.     A witness at deposition;

        x.     The Court, including any appellate court, its support personnel, and court reporters;

        xi.     the Court, including court personnel; and

        xii.     any other person agreed to by the Producing Party.

    c.     Before any disclosure is made to a person listed in subparagraph (b)(iii-viii, x) above, the party's attorneys shall provide each such person with a copy of this Stipulation and Protective Order and such person shall consent in writing, in the Certification annexed hereto, not to use the Confidential material for any purpose other than in connection with the prosecution or defense of this case and not to further disclose the Confidential material except in testimony taken in this case. The signed consent shall be retained by counsel for the party disclosing the information.

19.     If an individual employee of DOCCS in the ordinary course of performing their daily job duties, unrelated to this litigation, discloses records containing any of the Confidential material listed in Paragraphs 4 or 6 of this Order, such discovery and/or disclosure shall not be deemed a violation or waiver of this Order.

20.     The disclosure of Attorney's Eyes Only material shall be limited to:

    a.     Counsel for Plaintiff;

    b.     Defendant and attorneys for Defendant;

    c.     an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for this Action;

    d.     an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

    e.     the Court, including court personnel; and

    f.     Any other person agreed to by the Producing Party.

Before any disclosure is made to a person listed in subparagraph (f) above, the party's counsel shall provide each such person with a copy of this Stipulation and Protective Order and such person shall consent in writing, in the Certification annexed hereto, not to use the Attorney's Eyes Only materials for any purpose other than in connection with the prosecution or defense of this case and not to further disclose the Attorney's Eyes Only material except in testimony taken in this case. The signed consent shall be retained by counsel for the Party disclosing the information.

21. This Order binds the Parties and certain others to treat as confidential any Confidential Discovery Material. The Court has not, however, made any finding regarding the appropriate confidentiality designation of any Confidential Discovery Material, and retains full discretion to determine whether to afford confidential treatment to any such designated materials.

22. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this Action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this Action.

23. Confidential Discovery Material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over the Party's counsel, provided, however, that in the event that the receiving-party's counsel intends to produce documents containing Confidential Material or Attorney's Eyes Only such designations or that material falling under such designations obtained from such documents in response to such order, the receiving-party's counsel shall serve notice of such order upon the Producing Party's counsel,

identifying by Bates numbers the documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give that Producing Party the opportunity to seek a protective order against such production.

24. Except as consented to in writing by the Producing Party's counsel, or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Confidential material shall not be released or disclosed in any manner to any person who is or was an incarcerated individual in the custody of DOCCS, except the Plaintiff. Disclosure of Confidential Material to the Plaintiff shall be subject to Paragraph 17 above.

25. Any party seeking to file anything with the Court that incorporates any Confidential Discovery Material or Attorney's Eyes Only reveals the contents thereof shall comply with the Court's Individual Practices regarding filing materials under seal.

26. The Confidential Material or Attorney's Eyes Only material shall not be disclosed in open court without first affording Defendant's counsel an opportunity to contest disclosure and/or admissibility of such Confidential Material or Attorney's Eyes Only material.

27. If Plaintiff's attorneys intend to file with the Court any papers that attach, enclose, or contain Confidential Material or Attorney's Eyes Only material (as defined in this Stipulation and Protective Order), and Defendant's attorneys do not provide consent in writing, Plaintiff's attorneys shall request or move the Court to direct that such documents be filed under seal, following the Court's rules, procedures, and practices for making such a request or motion.

28. If any Party or, as appropriate, non-party, intends to disclose Confidential Material during any hearing or trial before the Court, including through argument, filings, or the safeguards

for the presentation of evidence, such Party or, as appropriate, non-party, may do so only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Discovery Material. The Parties agree to meet and confer in good faith regarding the redaction of any Confidential Discovery Material. they seek to enter into evidence at a court hearing or trial.

29. Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(b)(5)(B), no privilege or protection is waived by disclosure connected with this Action, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the Producing Party on demand without any obligation on the part of the Producing Party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) and Fed. R. Civ. P. 26(b)(5)(B) relating to inadvertent disclosure. However, nothing herein shall be deemed to waive the right of the receiving party to dispute the Producing Party's claim of privilege.

30. Taking into account the state of the art, the costs of implementation, and the nature, scope, context, and purposes of processing, as well as the risk of varying likelihood and severity of the rights and freedoms of individuals, recipients of PII shall implement appropriate technical and organizational measures to ensure a level of security appropriate to the risk of accidental or unlawful destruction, loss, alteration, unauthorized disclosure of, or access to, the PII received ("PII Incident"). The recipient of PII shall, immediately upon becoming aware of any PII Incident: (a) notify the Producing Party about the PII Incident, and (b) cooperate with the Producing Party to

provide any information necessary for the Producing Party to meet its obligations under applicable privacy laws.

31. Nothing in this Order will prevent any Producing Party or receiving Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

32. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

33. Within sixty (60) days of the conclusion of this Action, including appeals, the receiving-party's counsel shall either return to the Producing Party's counsel all Confidential Material and/or Attorney's Eyes Only material, and any copies thereof, in their custody, possession or control and any documents containing Confidential Material and/or Attorney's Eyes Only material, in whole or in part, and any copies made therefrom or shall notify the Producing Party's counsel in writing that all such material has been destroyed. Notwithstanding the foregoing, the receiving-party's counsel may retain: (1) attorney work product that refers to or relates to Confidential and/or Attorneys' Eyes Only material and (2) copies of all documents filed with the

Court, including documents filed under seal. Notwithstanding the foregoing, Plaintiff's counsel may retain copies of any documents or materials that pertain to Plaintiff's own medical care, custody, or treatment, including any records produced by DOCCS or other non-parties relating to Plaintiff, irrespective of their confidentiality designation, provided such materials continue to be maintained subject to the terms of this Protective Order. Any retained Confidential and/or Attorney's Eyes Only material will continue to be protected by this Stipulation and Protective Order.

34. Nothing in this Order shall foreclose the Parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order and identified in Paragraphs 4 and 6 herein.

Dated: July 28, 2025

/s/ *J. Goltche*
Attorney General
State of New York
Jennifer L. Goltche
Assistant Attorney General
28 Liberty Street, 18th Floor
New York, New York 10005
(212) 416-8591
Jennifer.Goltche@ag.ny.gov
*Attorney for Defendant Khondkar Rakib*

/s/ *Angela Daker*
WHITE & CASE LLP
Angela Daker
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
(305) 995-5297
adaker@whitecase.com

Bianca M. McDonnell
Joel L. Broussard
Iva Popa
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 819-8200
bianca.mcdonnell@whitecase.com
joel.broussard@whitecase.com
iva.popa@whitecase.com
*Attorneys for Plaintiff Dennys Acevedo*


SO ORDERED:

*Cathy Seibel*

CATHY SEIBEL
UNITED STATES DISTRICT JUDGE


Dated: 7/29/25

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNYS ACEVEDO, ) ) ) Plaintiff, ) ) v. ) ) KHONDKAR RAKIB, ) ) Defendant. ) ) ) | Case No. 7:23-cv-7175 (CS) (AK)  **CERTIFICATION** |

I, _____ , acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Name:
Date:

1